UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INFORMED CONSENT ACTION NETWORK, <br><br> *Plaintiff*, <br><br> v. <br><br> NATIONAL INSTITUTES OF HEALTH, *et al.*, <br><br> *Defendants*. | Case No. 24-0548 (CJN) |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, the National Institutes of Health ("NIH") and the United States Department of Health and Human Services ("HHS"), by and through its undersigned counsel, hereby respond to the separately numbered paragraphs and prayer for relief contained in Plaintiff's Complaint ("Complaint"). Defendants hereby respond to the Complaint's separately numbered paragraphs and prayer for relief. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant answers as follows:

1

## JURISDICTION AND VENUE[1]

1.      This paragraph contains Plaintiff's conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed necessary, Defendants admit that this Court has jurisdiction over this FOIA action.

2.      This paragraph contains Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent that a response is deemed necessary, Defendants admit that venue is appropriate.

## PARTIES

3.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in this paragraph.

4.      Defendants admit only that NIH is a part of HHS.  Except as admitted, Defendants deny.

5.      Defendant admits only that HHS is an agency of the United States Government. Except as admitted, Defendants deny.

## STATEMENT OF FACTS

6.      This paragraph consists of characterizations of Plaintiff's FOIA request, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the relevant request for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

---

[1]      For ease of reference, Defendants replicates the headings contained in the Complaint. Although Defendants believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

7.      Defendants admit the allegations, and respectfully refer the Court to the relevant communications for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

8.       Defendants admit the allegations, and respectfully refers the Court to the relevant communications for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

9.      Defendants admit the allegations, and respectfully refers the Court to the relevant communications for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

10.      Defendants admit the allegations.

11.      Defendants admit the allegations, and respectfully refers the Court to the relevant communications for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

12.      This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

13.      Defendants reallege their responses to paragraphs 1 through 12 as if fully stated herein.

14.      This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

15.      This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

16.     This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

17.     This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## COUNT II
## IMPROPER WITHOLDING OF INFORMATION AND DATA
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

18.     Defendants reallege their responses to paragraphs 1 through 17 as if fully stated herein.

19.     This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

20.     This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## COUNT III
## FAILURE TO ESTABLISH AN ADEQUATE SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

21.     Defendants reallege their responses to paragraphs 1 through 20 as if fully stated herein.

22.     This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

23.     This paragraph contains conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## REQUESTED RELIEF

The remaining paragraphs of the Complaint, including subparagraphs (a)-(g) constitute Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief

whatsoever.  Defendants hereby deny each and every allegation in the Complaint not expressly admitted or qualified above.

## ADDITIONAL DEFENSES

Defendants allege the following additional defenses to the Complaint.  In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

1.      This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.  Pursuant to FOIA, jurisdiction is limited to the district courts' authority to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."   5 U.S.C. § 552(a)(4)(B).

2.      The FOIA request at issue fails to reasonably describe the records sought and/or presents an undue burden on Defendants to conduct a search for responsive records.

3.      Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

4.      Plaintiff is not entitled to compel production of records exempt or excluded from disclosure under FOIA.

5.      Some or all of the requested records, or portions thereof, are exempt from disclosure.  5 U.S.C. § 552(b).

6.      Defendants exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendants to continue their processing of Plaintiff's FOIA request.  *See* 5 U.S.C. § 552(a)(6)(C).

7.      Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

8.      Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

Dated: April 1, 2024
       Washington, DC

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES, D.C. Bar #481052
                                          United States Attorney

                                          BRIAN P. HUDAK
                                          Chief, Civil Division

                                          By: _____/s/ Stephen DeGenaro_____
                                              STEPHEN DEGENARO
                                              D.C. Bar #1047116
                                              Assistant United States Attorney
                                              United States Attorney's Office
                                              601 D Street, N.W.
                                              Washington, D.C. 20530
                                              Telephone:  (202) 252-7229
                                              Email:  Stephen.DeGenaro@usdoj.gov

                                          *Attorneys for the United States of America*